

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| GUADALUPE PADILLA, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-16-CA-975-SS |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## <u>ORDER</u>

Before the Court are Petitioner Guadalupe Padilla's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Brief in Support (Document 2); Respondent's Answer (Document 9); and Petitioner's Response (Document 11). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## <u>STATEMENT OF THE CASE</u>

### A.    Petitioner's Criminal History

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas in cause number 952802. Petitioner was convicted of aggravated sexual assault of a child and indecency with a child. On February 1, 2002, Petitioner was sentenced to 37 years' confinement in TDCJ for the sexual assault offense and 15 years' confinement for the indecency with a child offense.

Petitioner does not challenge his holding convictions. Rather, he challenges the June 25, 2015 decision of the Texas Board of Pardons and Paroles to deny him parole. Petitioner challenged



the denial of parole in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order. *Ex parte Padilla*, Appl. No. 61,391-09 at cover.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     The Board did not follow Texas parole procedures when considering him for parole by: (1) considering his post-conviction litigation activity; (2) trying to coerce him into confessing to incriminating evidence from his trial; (3) including an incriminating narrative in his parole interview, which prejudiced his parole interview; (4) misinterpreting his risk assessment instrument score; and (5) not giving due consideration to his accumulation of good conduct time.

2.     The Texas parole procedures do not give inmates a proper avenue to pursue grievances concerning parole procedures; and

3.     The Board violated the Texas Constitution in its application of parole review procedures used to guide parole release determinations.

**C.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter*, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

2

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington*, 131 S. Ct. at 784.

One of the issues *Harrington* resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Id.* Following all of the Courts of Appeals' decisions on this question, *Harrington* concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." *Id.* (citing *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." *Id.* And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." *Id.*

As *Harrington* noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. *Id.* at 785 (citing 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

*Id.* at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. *Id.*

**B.      Texas Constitution**

Insofar as Petitioner argues his rights under the Texas Constitution were violated, those claims are without arguable merit. When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(recognizing federal habeas relief will not issue for errors of state law); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (holding a federal court may not issue the writ on the basis of a perceived error of state law). In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *Estelle v. McGuire*, 502 U.S. at 67-68; *Lewis v. Jeffers*, 497 U.S. at 780; *Pulley v. Harris*, 465 U.S. at 41. Petitioner's complaints that his rights under the Texas Constitution were violated during his parole review process do not furnish a basis for federal habeas corpus relief.

**C.      United States Constitution**

Petitioner challenges several state procedures used during his parole review. However, the United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110

F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Id.* at 308) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with underline complete discretion to grant, or to deny parole release. . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31.

Petitioner also alleges the parole panel attempted to coerce him into confessing to highly incriminating evidence and testimony from the trial in violation of his Fifth Amendment right against

self-incrimination. A voluntary parole interview under the circumstances described by Petitioner does not does not violate the privilege against self-incrimination. *See Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 286-88 (1998).

Petitioner also complains the parole panel unlawfully considered his litigation activity during his parole interview. Petitioner explains he informed the parole officer he was pursuing litigation in both state and federal courts with respect to post-conviction DNA testing. He contends the parole officer considered his litigation activity when she attempted to coerce him into confessing. To the extent Petitioner may be attempting to raise a separate claim of retaliation, his claim fails. To state a valid claim for retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). Petitioner has not met this standard. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Rather, his claim is based only on the conclusory allegation that because his parole was denied there is necessarily causation. His personal belief that he is a victim of retaliation is insufficient to raise a meritorious retaliation claim.

## D.    Conclusion

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief, and his application for habeas corpus relief is denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, a certificate of appealability is denied.

8

It is therefore **ORDERED** that Petitioner Guadalupe Padilla's federal habeas corpus petition under 28 U.S.C. § 2254 is **DENIED**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

Signed this _20th_ day of December 2016.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE